COX, J.
Appellants, Carl and April Davis ("Carl" and "April," respectively), appeal a judgment from the Fourth Judicial District Court, Parish of Morehouse, State of Louisiana, wherein the trial court granted a motion for summary judgment on behalf of Appellee, Bastrop Tank Wash ("Bastrop"), and denied Appellants' motion for new trial. Carl contends that the trial court erred in finding there was no genuine issue of material fact, in ruling that Heniff Transportation, *185 LLC ("Heniff") may continue to argue the fault of Bastrop at the jury trial, despite dismissing Bastrop from the suit, and in denying his motion for new trial. For the following reasons, we respectfully reverse the trial court's granting of Bastrop's motion for summary judgment.
FACTS
Carl was a self-employed independent contractor for Heniff, who worked as a licensed professional truck driver carrying dangerous chemicals. On or about December 29, 2014, Carl was attempting to deliver a tank trailer of hydrochloric acid to GEO Specialty Chemicals ("GEO"). At that time, GEO personnel noticed a defect in the hose and/or hose fittings on the tank trailer, which was owned by Heniff. As a result of the defect, Heniff instructed Carl to have the hose and fittings repaired by Bastrop. Bastrop personnel allegedly repaired the hose and fittings.
That evening, Carl and GEO personnel, wearing mandated safety equipment, began to transfer hydrochloric acid from the tank trailer to the GEO terminal. During the process, the hose fittings ruptured, causing hydrochloric acid to escape from the fittings, knocking off Carl's eye protection and injuring his eyes, face, and body.
On December 17, 2015, Carl filed a petition for damages against Heniff, Bastrop, GEO, Sparta Insurance Company,[1] ABC Insurance Company, and DEF Insurance Company.[2] His wife, April, joined the petition, claiming loss of consortium.
On March 7, 2017, Bastrop filed a motion for summary judgment. Bastrop asserted that there was no issue or failure with the portion of the hose they repaired, as the portion they repaired connected the hose to the storage tank, and the portion of the hose that malfunctioned was located at the opposite end connected to Carl's trailer.
A hearing took place on July 20, 2017, and the trial court granted Bastrop's motion. The trial court noted that Carl's opposition to Bastrop's motion for summary judgment was untimely filed 8 days prior to the hearing, rather than 15 days prior, in accordance with La. C. C. P. art. 966. Regardless, the trial court still believed there was no genuine issue of material fact because Bastrop was not responsible for fixing and/or replacing the end of the hose that ultimately malfunctioned.
Carl filed a motion for new trial, which was subsequently denied. He now appeals.
DISCUSSION
In his first assignment of error, Carl contends that the trial court erred in finding there was no genuine issue of material fact. A court must grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law, pursuant to La. C.C.P. art. 966.
The burden of proof for a summary judgment motion remains with the movant. However, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the nonmoving party *186 must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment should be granted. La. C.C.P. art. 966(D)(1).
Opposing affidavits and any memorandum in support thereof shall be served pursuant to La. C.C.P. art. 1313 at least 15 days prior to the date of the hearing. This time limitation is mandatory, and affidavits not timely filed can be ruled inadmissible and properly excluded by the trial court. Woodall v. Weaver , 43,050 (La. App. 2 Cir. 2/13/08), 975 So.2d 750.
It is within the trial court's discretion to render a summary judgment, if appropriate, or to allow further discovery. However, the parties must be given a fair opportunity to present their claims. Unless a party opposing summary judgment shows a probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of material fact. Peterson v. City of Tallulah , 43,197 (La. App. 2 Cir. 4/23/08), 981 So.2d 192.
A de novo standard of review is required when an appellate court considers rulings on summary judgment motions, and the appellate court must use the same criteria that governed the trial court's determination of whether summary judgment was appropriate. Bank of New York Mellon v. Smith , 15-0530 (La. 10/14/15), 180 So.3d 1238, 1243.
On de novo review of this record, we find that there are genuine issues of material fact that render summary judgment under La. C.C.P. art. 966(A)(3) improper at this time.
The following facts appear to be undisputed: the hose was owned by Heniff; there was a camlock fitting at the end of the hose that connected the hose to Heniff's trailer; on the other end of the hose was a four-bolt flange connector, which connected the hose to GEO's facility; and, on the date of the incident, the camlock fitting broke and sprayed hydrochloric acid onto Carl's face and body. Carl, however, asserts that Heniff's communications with Bastrop regarding the repair of the hose create a genuine issue of material fact. He also states that the scope of Bastrop's agreement with Heniff pertaining to the service of the hose is unclear.
In her deposition, Tina Brown, Bastrop's manager, stated she did not recall whether she or her assistant, Trish Harper, spoke with Obie O'Brien of Heniff regarding the repair of the hose. Mrs. Brown stated that she had asked Trish about the incident, and Trish relayed that she vaguely remembered someone "calling about it," but she did not remember with whom she spoke. Additionally, Mrs. Brown mentioned a former Bastrop employee named Butch who obtained the replacement part from Bumper to Bumper and brought it to Bastrop Tank Wash. She could not recall his last name at the time, but stated she would locate the information and provide it to her attorney.
Michael Brown, who replaced the four-bolt flange on the hose, stated in his deposition that he had never worked on a hydrochloric acid transfer hose prior to the date of the incident. He also stated that he did not fully inspect the hose. Moreover, Mrs. Brown stated in her deposition that Bastrop does not inspect hoses, nor do they have any policies in place regarding the disposition of a hose showing signs of damage.
It is thus clear to this Court that genuine issues of material fact exist, particularly regarding communications about the hose and the scope of Bastrop's agreement *187 with Heniff pertaining to repairs. It appears that both Trish Harper and Butch may have knowledge about communications received on the date of the incident concerning the defective hose. Further, because Bastrop admitted it had no prior experience or history of working on these types of hoses, their agreement with Heniff may reveal whether they were liable for such repairs. For these reasons, we find that not allowing additional discovery in this suit would lead to a probable injustice for Carl. We, therefore, reverse Bastrop's motion for summary judgment.
In his last two assignments of error, Carl argues that the trial court erred in ruling that Heniff may continue to argue the fault of Bastrop at the jury trial, despite the trial court's grant of summary judgment dismissing Bastrop, and that the trial court erred in denying his motion for new trial. Because this Court finds that genuine issues of material fact exist and thus reverses the trial court's granting of Bastrop's motion for summary judgment, these assignments will not be addressed.
CONCLUSION
Based on the foregoing, we respectfully reverse the trial court's granting of Bastrop's motion for summary judgment. There appear to be genuine issues of material fact regarding Heniff's communications with Bastrop about the problem with the hose, as well as the scope of Bastrop's agreement with Heniff to service the hose. This Court believes that the interests of substantial justice would best be served by allowing Carl to conduct additional discovery. Costs of this appeal are assessed to Appellees.
REVERSED.

Sparta was later dismissed from the suit and replaced by Arch Insurance Company.

Zurich American Insurance Company, which issued a policy of occupational accident insurance and paid medical and indemnity benefits to and on behalf of Carl, later intervened in order to assert its subrogation interest.