# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-176


**UNICORP, L. L. C.**

**VERSUS**

**BRADD, L. L. C.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2021-1293
HONORABLE ROBERT LANE WYATT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**GARY J. ORTEGO**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Gary J. Ortego, Ledricka J. Thierry, and Wilbur L. Stiles, Judges.


**AFFIRMED.**

**Charles Collins Garrison**
**Caffrey, Oubre, Campbell, Garriso**
**100 E Vermillion S. 201**
**Lafayette, LA 70501**
**(337) 232-6581**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **National Trust Insurance Company**

**John T. Andrishok**
**Merrick J. (Rick) Norman, Jr.**
**Bethany Breaux Percle**
**Taylor, Porter, Brooks, et al.**
**450 Laurel Str., 8th Floor**
**Baton Rouge, LA 70821-2471**
**(225) 387-3221**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **BRaDD, L. L. C.**

**Timothy O'Dowd**
**Samuel Ducote**
**O'Dowd Law Firm**
**924 Hodges Street**
**Lake Charles, LA 70601**
**(337) 310-2304**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **BRaDD, L. L. C.**

**Andre Collins Gaudin**
**Burglass & Tankersley, LLC**
**5213 Airline Drive**
**Metairie, LA 70001-5602**
**(504) 836-0414**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Kacco, Inc.**

**Henry Minor Pipes, III**
**Pipes, Miles & Beckman**
**1100 Poydras St., #3300**
**New Orleans, LA 70163**
**(504) 322-7070**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Shelter Product, Inc.**

Joseph E. Bearden, III
Duplass APLC
433 Metairie Road, Ste 600
Metairie, LA 70005
(504) 832-3700
COUNSEL FOR DEFENDANT/APPELLEE:
    Mississippi Laminators, Inc.

Jonathan P. Lemann
Couhig Partners, LLC
1100 Poydras St., Suite 1150
New Orleans, LA 70163
(504) 588-1288
COUNSEL FOR DEFENDANT/APPELLEE:
    Pensacola Wood Treating Company

Stephen L. Miles
Barrasso, Usdin, et al.
1100 Poydras St. Ste. 3300
New Orleans, LA 70163
(504) 322-7070
COUNSEL FOR DEFENDANT/APPELLEE:
    Shelter Product, Inc.

Claire E. Pontier
Couhig Partners, LLC
1100 Poydras Street, #3250
New Orleans, LA 70163
(504) 588-1288
COUNSEL FOR DEFENDANT/APPELLEE:
    Pensacola Wood Treating Company

Nicole M. Boyer
Duplass APLC
433 Metairie Road, Ste 600
Metairie, LA 70005
(504) 832-3700
COUNSEL FOR DEFENDANT/APPELLEE:
    Mississippi Laminators, Inc.

Jeffrey K. Prattini
Prattini Law Firm, LLC
300 Board of Trade Place
New Orleans, LA 70130
(504) 754-6600
COUNSEL FOR PLAINTIFF/APPELLEE:
    Unicorp, L. L. C.

**Christopher Burge**
**Attorney at Law**
**5213 Airline Drive**
**Metairie, LA 70001-5602**
**(504) 836-0401**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Kacco, Inc.**

**Cody C. Bailey**
**Brunini, Grantham, Grower & He**
**PO Drawer 119**
**Jackson, MS 39205**
**(601) 948-3101**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Unicorp, L. L. C.**

**ORTEGO, Judge.**

This appeal involves motions for partial summary judgment filed by BRaDD, LLC (BRaDD), defendant/owner, and Unicorp, LLC (Unicorp), plaintiff/contractor, regarding construction work that Unicorp performed for BRaDD on an apartment building in Lake Charles, LA. On July 19, 2023, the trial court granted Unicorp's motion for partial summary judgment regarding payment for certain approved change orders owed by BRaDD and denied BRaDD's motion for partial summary judgment to cancel Unicorp lien and entered its written reasons. From this judgment, BRaDD appeals. For the following reasons, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

This matter involves a contract dispute between BRaDD, its owner, and its contractor, Unicorp, regarding construction work that Unicorp performed for BRaDD on an apartment building in Lake Charles. The issues presented in this litigation are fact-intensive and complex. However, this appeal only concerns the trial court's granting of a partial summary judgment in favor of plaintiff, Unicorp, as to the very narrow issue regarding payment for a specific category of work performed by Unicorp under its contract with BraDD, later referred to in this opinion as "approved change orders," and the trial court's denial of BRaDD's motion for partial summary judgment to cancel Unicorp's lien.

On December 20, 2017, BRaDD, as owner, and Unicorp, as contractor, contracted to build the Erdace Apartments in Lake Charles, LA. The project was financed with HUD guaranteeing the loan, thus pay applications were subject to the prior approval of HUD and BRaDD's lender.

The contract required Unicorp to substantially complete the work by March 20, 2019, and provided for liquidated damages at the lesser of the rate of $19.10

per unit for each day of delay until substantial completion was achieved or actual damages.

On November 30, 2020, Unicorp filed a lien with the Calcasieu Parish Recorder of Mortgages. Thereafter, on April 1, 2021, Unicorp filed suit against BRaDD for $6,928,914.00 owed under the contract, which included: (1) retainage of $3,213,711.00, which is not an issue on appeal; (2) approved change orders in the amount of $1,482,338.46; and (3) disputed change orders of $2,232,864.00, which is also not an issue on appeal.

On December 13, 2022, BRaDD filed a motion for partial summary judgment to cancel Unicorp's lien, arguing that Unicorp contractually waived its right to file a lien. In response, Unicorp argued, among other things, that BRaDD materially breached the contract first by not paying Unicorp, which relieved Unicorp of its obligation to refrain from filing the lien.

On March 21, 2023, Unicorp filed a motion for partial summary judgment to recover amounts owed by BRaDD for these approved change orders and supporting brief. In response, BRaDD's primary argument was that it was entitled to exercise legal and contractual setoff rights based on unliquidated, unproven, and disputed claims in its Reconventional Demand relating to alleged defective work and alleged delay damages.

The trial court heard these motions on February 15, March 8, and May 12, 2023, then took the matter under advisement. On July 19, 2023, the court entered its written reasons and granted Unicorp's motion for partial summary judgment regarding the approved change order sums, finding these approved change orders were both liquidated and presently due, and determined that Unicorp was also entitled to legal interest from March 21, 2023. Additionally, the trial court denied BraDD's motion for partial summary judgment to cancel Unicorp's lien, finding it

failed to establish its right to setoff under their contract, as these setoff claims, which BRaDD relied on to refuse payment, were unliquidated and disputed, thereby precluding a legal setoff.

On September 11, 2023, the trial court entered judgment granting Unicorp's motion for partial summary judgment and denying BraDD's motion for partial summary judgment.

On October 19, 2023, BRaDD filed a motion for a new trial. In opposition, Unicorp argued that BRaDD raised entirely new issues/arguments. Specifically, BRaDD for the first time argued that Unicorp breached the separate disbursement agreement between BRaDD and its lender, which in turn caused BRaDD to breach the contract and fail to pay Unicorp; BRaDD's own failure to calculate delay damages rendered Unicorp's claims unliquidated; and La.Civ.Code arts. 1993 and 2002 applied to excuse BRaDD's failure to pay.

The trial court denied BRaDD's new trial motion. BRaDD appealed the trial court's rulings on both Motions.

## ASSIGNMENTS OF ERROR

BRaDD's two assignments of error are listed/stated as follows:

A. THE TRIAL COURT ERRED IN GRANTING A PARTIAL SUMMARY JUDGMENT AWARDING SUMS ALLEGEDLY DUE.

1. Because the contractor's material breach of the contract warrants a reduction in the balance due, the balance due remains uncertain.

2. Because the balance due to the contractor is determined in part by reducing that sum for delay damages and those damages had not yet been determined, the balance due remains uncertain.

3. Because the obligee-contractor breached the contract and that breach caused the obligor-owner to breach, a reduction is necessary or possible pursuant to La.Civ.Code art. 2003 and thus the balance due remained uncertain.

3

4. Because the conditions precedent for payment of the balance due had not yet been satisfied, the trial court erred.

5. Because the facts would allow the trial court to allow for judicial compensation, the trial court should not have granted a partial summary judgment until it tried the facts.

6. Because the parties had only participated in limited discovery, the trial court erred in not allowing more time for discovery and granting partial summary judgment.

B. THE TRIAL COURT ERRING IN FAILING TO ORDER THE CANCELLATION OF UNICORP'S LIEN.

1. In its continuing efforts to collect from BRaDD, Unicorp previously took and currently takes the position that the contract in question is valid and enforceable. To avoid cancellation of its lien, Unicorp takes the position that this same contract is unenforceable because it dissolved the contract. The trial court erred by not declaring Unicorp judicially estopped from taking this contradictory position.

2. Unicorp made a choice of remedies that required it to deem the contract enforceable. Upon realizing this choice of remedy detrimental, Unicorp is attempting to obtain a remedy dependent on the contract being unenforceable. The trial court erred in allowing Unicorp to switch choice of remedies.

3. The trial court erred by accepting Unicorp's position that it unilaterally dissolved the contract prior to placing BRaDD in default.

4. The trial court erred by accepting Unicorp's argument that it had the right to unilaterally dissolve the contract.

## STANDARD OF REVIEW

The standard of review in partial summary judgment is de novo. *Davis v. Heniff Transp., LLC*, 52,048 (La.App. 2 Cir. 5/23/18), 249 So.3d 183.

## LAW AND DISCUSSION

The issues presented in this litigation are complex and fact intensive. However, in the broadest sense, this dispute between the parties can be summarized as BRaDD paying Unicorp for some "approved change orders," but

4

denying payment on others. Each party asserts that the other party violated the contract first, thereby relieving the non-breaching party's obligations under the contract. Each party contends their own asserted sums owed to Unicorp and setoffs claimed by BRaDD were liquidated, due, and owing. BRaDD argues that both parties are affected by the disbursement terms of BRaDD's loan agreement, which it used to finance the construction of the property. Unicorp argues that it is not bound by the disbursement agreement between BRaDD and its lender, and that any disbursement issues are solely between BRaDD and its lender.

The circumstances giving rise to this litigation are that on December 20, 2017, BRaDD, as owner, and Unicorp, as contractor, contracted to build the Erdace Apartments in Lake Charles. The project was financed with HUD guaranteeing the loan. Pay applications were subject to the prior approval of HUD and BRaDD's lender. The contract required Unicorp to substantially complete the work by March 20, 2019, and provided for liquidated damages at the lesser of the rate of $19.10 per unit for each day of delay until substantial completion was achieved or actual damages.

*BRaDD'S ARGUMENT:*

BRaDD argues that partial summary judgment awarding part of the balance due in the form of sums referred to as "approved change orders" was not ripe, as discovery was and is in preliminary stages. BRaDD argues that Unicorp sought payment for 100% of the approved change orders but failed to complete 100% of them to meet the applicable standards. Further, due to Unicorp's breaches of the contract, the balance due is not determinable. BraDD argues that the balances due Unicorp are subject to reduction under various Civil Code articles and, separately, judicially determined compensation is appropriate given the facts.

5

Specifically, BRaDD cites La.Civ.Code arts. 1993 and 2022.  Those articles provide:

"In case of reciprocal obligations, the obligor of one may not be put in default unless the obligor of the other has performed or is ready to perform his own obligation."

and

"Either party to a commutative contract may refuse to perform his obligation if the other has failed to perform or does not offer to perform his own at the same time, if the performances are due simultaneously."

BRaDD argues that "Where the owner presents evidence of the cost of completion of the work or correction of the defective work, the contract price may be reduced by that amount" citing *Mount Mariah Baptist Church, Inc. v. Pannell's Associated Electric, Inc., et al.*, 36,361, p. 13 (La.App. 2 Cir. 12/20/02), 835 So.2d 880.

Additionally, BRaDD argues that not only is the balance due not determinable, but the balance never became due because Unicorp failed to fulfill the conditions precedent.  BRaDD presented evidence of defective work. Consequently, Unicorp cannot recover the full contract price when it has not earned the full contract price. BRaDD contends Unicorp's claim is not liquidated because its breaches will necessarily result in a modification of the price ("reduced by that amount").  In seeking partial summary judgment, Unicorp had the burden of proving full performance under its commutative contract to justify the full price, and Unicorp failed to do so.  Furthermore, BRaDD notes that Article 3.E of the construction contract, in pertinent part, provides:

> The maximum sum stated in Article 4 [price] . . . shall be reduced by . . . Therefore, the price, which includes the approved changed orders, is not just the number calculated pursuant to Article's 4 and 2 (A) (11) but the sum calculated minus [reduced by] whatever reductions apply.  The balance due is uncertain until this reduction is determined.

6

BRaDD further argues that because the price is yet to be determined by applying the required reduction set forth in a portion of the contract, the court should have denied Unicorp's motion for partial summary judgment, citing La.Civ.Code arts. 1993 and 2022. Additionally, BRaDD argues that La.Civ.Code art. 2003 is triggered such that a factfinder must allocate fault before any sum can be determined. In support, BRaDD cites *Lamar Contractors, Inc.* v. *Kacco, Inc.*, 15-1430 (La. 5/3/16), 189 So.3d 394. Furthermore, BRaDD contends the work that Unicorp failed to fulfill pursuant to contract specifications prevented it from paying Unicorp. Specifically, the failure of Unicorp to fulfill certain obligations prevented it from being paid, as these obligations were prerequisites to the disbursement of funds, including: (1) Unicorp failing to provide "as-built drawings and specifications"; (2) Unicorp failing to submit "all executed final advance documents required by HUD..."; and (3) Unicorp failing to provide lien waivers. BRaDD notes that Unicorp argues that the approved change orders became due and payable at the moment they were agreed on. BRaDD argues that Article 5(C) of the contract states "[t]he balance due to Contractor hereunder shall be payable upon the expiration of thirty, 30, days after the Work hereunder is fully completed . . . ."

BraDD contends that the construction contract expressly prohibited Unicorp from filing or maintaining a materialman's lien or maintaining any claim against BRaDD's land or improvements and also required Unicorp to include in each subcontract a similar clause. Another contract signed by the parties also prohibited Unicorp from filing liens. BRaDD notes that it never directly paid Unicorp, and that the funding to fulfill BRaDD's obligations comes directly from the lender after compliance with and approval by HUD requirements. BRaDD argues that

Unicorp's breaches prevented these payments, thus causing BRaDD's alleged breaches.

Thus, BraDD argues that denial of its motion for partial summary judgment, on this issue of Unicorp's lien, conflicts with the contract of the parties agreeing there would be no liens. For this ruling, the trial court relied on Unicorp's position that it deemed the contract dissolved. Unicorp's positions are irreconcilable. When it is advantageous, Unicorp asserts the contract is valid. When it is disadvantageous, Unicorp asserts the contract invalid, dissolved. The trial court erred by not prohibiting Unicorp from taking such inconsistent stances. Further, even if the courts allow Unicorp to switch its position, it failed to place BRaDD in default prior to deeming the contract dissolved and it fails to show the law that allows it to deem the contract dissolved even if it had done so.

*UNICORP'S ARGUMENT:*

On the other hand, Unicorp contends, as to this narrow issue of the payment of these approved change orders, that these are due, liquidated, and owing, and the law, along with a reading of their construction contract, clearly states that BRaDD owes Unicorp a quantified amount, and that BRaDD could only setoff payment if it also has an amount owed to it by Unicorp that is due and quantified.

Unicorp further argues that in contrast to BRaDD's partial summary judgment response, which focused almost exclusively on setoff, BRaDD's primary appeal argument, raised for the first time in this appeal, is that the trial court erred in granting Unicorp's motion as the payment for the approved change orders is not presently due because of Unicorp's alleged failure to satisfy various conditions precedent to final payment. Nevertheless, neither argument defeats Unicorp's motion, and the trial court could not have committed error in "rejecting" an argument that BRaDD never even raised before the trial court. Thus, the contract

8

unequivocally establishes that BRaDD presently owes, and has for a long time owed, Unicorp for these unpaid approved change orders.

Additionally, Unicorp notes that BRaDD paid for 31 of the 99 approved change orders when Unicorp executed the change orders and performed the work. Unicorp emphasizes that BRaDD has never complained of the work in the approved change orders, and that BRaDD has been collecting rent on the work for four years. Unicorp further underscores that all parties agreed to the approved change orders in writing and that the amount it seeks is a "mere calculation" of the 68 remaining approved changed orders that have not yet been paid. Moreover, BRaDD judicially admitted the amount owed for the approved change orders and that the amount was presently due when it pleaded a setoff as an affirmative defense and again in its opposition to Unicorp's motion, when BRaDD agreed with Unicorp's List of Material Facts Not in Dispute.

Unicorp argues that BRaDD's remaining arguments for why payment is not due and owing, if not waived, rely on what it calls inapplicable provisions of the contract and irrelevant, non-contract documents and do not defeat Unicorp's entitlement to partial summary judgment. For instance, BRaDD argues that payment is not due and owing because Unicorp failed to satisfy requirements contained in Articles 5(B) and (C) of the contract. Unicorp argues that Articles 5(B) and (C) of the contract only apply to final payment, and Unicorp's motion was not requesting final payment.

Furthermore, Unicorp emphasizes that BRaDD paid 31 of the approved change orders without issue, and there is no reason it cannot do so now, i.e., the conditions under which BRaDD seeks to withhold payment existed when BRaDD paid the previous 31 orders. As to BRaDD's argument that the disbursement agreement prevents its payment to Unicorp, Unicorp notes that this argument was raised for

the first time in BRaDD's motion for new trial and can be found in no other pleading in response to Unicorp. On the substance of the argument, Unicorp contends that the main construction contract terms apply in this case, as the disbursement contract states that it should not be construed in a way to affect the rights and obligations conferred on the parties by the main construction contract. Unicorp argues that whatever agreement BRaDD has with its own lender does not affect what it owes Unicorp. Furthermore, Unicorp argues that the disbursement contract governs only how payments should occur; it does not affect any rights to payment. Unicorp also argues that BRaDD's delay damages cannot be due and owing because the delay damages they calculated were based on an "unauthenticated and inadmissible" mortgagor's final cost certification, which Unicorp objected to at the trial court. Furthermore, BRaDD failed to prove a delay, quantify delay damages less its operating income, then have HUD certify the actual damages. Unicorp argues it cannot determine which amount of delay damages is less, the actual damages or liquidated damages, without these steps being taken.

As to BRaDD's assertion that La.Civ.Code arts. 1993 and 2022 relieve BRaDD of its obligation to pay the approved change orders (on the theory that Unicorp breached the contract first), Unicorp argues this argument is misplaced. On the contrary, Unicorp argues that BRaDD breached the contract first, as it approved the change orders along with HUD and the architect. BRaDD also failed to complain of defective work until long after the substantial completion. Additionally, Unicorp argues that this argument was first raised in the motion for new trial and should be considered waived. Likewise, Unicorp asserts that the trip report identifying minor warranty items does not retroactively justify BRaDD refusing to pay.

Unicorp further emphasizes that the judicial setoff is not available to BRaDD because the debt is not liquidated, and although Unicorp disputes the existence of the debt at all, but at any rate argues that even if it does exist, the amount is not certain. As to BRaDD's argument that more discovery must be performed before any ruling can be rendered, Unicorp notes that BRaDD did not file a motion to continue on this basis and that it was two years from the time suit was first filed and the motion for partial summary judgment was heard. Furthermore, Unicorp contends that BRaDD failed to raise this issue in the trial court or motion for new trial.

Finally, Unicorp argues that as BRaDD offered no evidence to contradict Unicorp's evidence, the trial court correctly granted Unicorp's motion.

Next, and as to BRaDD's motion to cancel Unicorp's lien, Unicorp argues that BRaDD incorrectly relies primarily on a lien waiver provision in Article 9 of the agreement. However, when BRaDD materially breached the contract by, among other things, failing to pay Unicorp for the approved change orders, Unicorp was legally excused from its obligations under the contract, including any obligation to not file the lien. Contrary to BRaDD's appeal brief, Unicorp did not argue to the trial court that the entire contract was dissolved or take inconsistent positions. Rather, Unicorp showed that La.Civ.Code art. 2022 allowed Unicorp to disregard its contract obligation to not file the lien because BRaDD first breached its related obligation to pay Unicorp.

In the alternative, Unicorp noted that material issues of fact existed as to whether there was a dissolution when BRaDD began occupying the project yet refused to pay Unicorp. Louisiana Civil Code article 2018 states that Unicorp, regardless of whether the contract dissolved as to one or more provisions, can enforce its rights under the contract against BRaDD to recover money owed for

11

Unicorp's performance. Thus, material issues of fact existed that precluded BRaDD's motion for partial summary judgment to remove Unicorp's lien, and the trial court correctly denied BRaDD's motion to cancel the lien.

*ANALYSIS:*

As the issues in these assignments of errors are factually connected, we will address them collectively under one heading. As previously stated, the circumstances giving rise to this litigation are that on December 20, 2017, BRaDD, as owner, and Unicorp, as contractor, contracted to build the Erdace Apartments in Lake Charles. The project was financed with HUD guaranteeing the loan, and the contract required Unicorp to substantially complete the work by March 20, 2019, providing for liquidated damages at the lesser of the rate of $19.10 per unit for each day of delay until substantial completion was achieved or actual damages.

BraDD contends that Unicorp finished the project late, and that the price or amount payable to Unicorp equaled the value of the work minus the liquidated damage clause. The calculation of the liquidated damages required HUD's approval. The contract required Unicorp, at its own expense, to correct any work that deviates from the plans and specifications. BRaDD argues that the construction contract expressly allows—if not requires—BRaDD to withhold from final payment any amount satisfactory to the lender and HUD for any work items that are incomplete at the time of final payment. BRaDD notified Unicorp of the defective work and demanded that Unicorp repair the items. BRaDD argues that Unicorp failed and refused to repair the defective work, forcing BRaDD to take on those repairs at its own expense. Despite its failures, BRaDD argues that Unicorp seeks 100% of the price of the contract balance as "due," including retainage and approved charge orders.

12

On the other hand, Unicorp argues that it substantially completed 257 units and other portions of the project on June 3, 2020, and substantially completed the remainder of the project on September 10, 2020, and that Certificates of Substantial Completion were signed, accepted, and agreed to by the project architect, Unicorp, and BRaDD. Additionally, on June 3, 2020, HUD (the mortgage insurer) and the City of Lake Charles authorized BRaDD to begin occupying 257 units and BRaDD began renting those units on June 9, 2020. On September 10, 2020, HUD and the City of Lake Charles authorized BRaDD to occupy the 13 remaining units, after which time BRaDD began renting those units, and BRaDD has rented them ever since. Thus, BRaDD has been continually collecting rents as the fruit of Unicorp's work performed, including the several work change orders at issue herein, since June 9, 2020, for over four years ago, yet BRaDD has refused to pay Unicorp.

> A ruling on a motion for summary judgment is reviewed under a de novo standard, with the appellate court using the same criteria that govern the district court's determination of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Pursuant to La. Code Civ. P. art. 966(D)(1), the burden on the party moving for summary judgment "does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse Party's claim, action, or defense." When a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. La. Code Civ. P. art. 967(B). Once a motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.

*Corbajal v. Chris Owens French Quarter Parade, LLC*, 24-191, pp. 3-4 (La. 5/21/24), 385 So.3d 236, 237-38 (case citations omitted).

13

Article 7.2.1 of the general conditions of this construction contract defines a change order as a "written instrument prepared by the Architect and signed by the Owner, Contractor and Architect stating their agreement" to a change in the work and the amount of adjustment in money and time, if any. Additionally, Article 2 of the Agreement in the contract provides that any approved change orders become part of the Contract.

Article 7.3.10 of the general conditions' states (emphasis added) that once there is agreement on a change order, the agreement is "*effective immediately*." Thus, once Unicorp completed the work in the approved change orders, which work on these unpaid change orders were approved in writing by HUD, Greystone, BRaDD, and its architect, then payment for the approved change orders was *immediately* due and liquidated.

Here, a review of the record shows that during the project, BRaDD issued and approved at least 99 change orders totaling $2,575,550.15 for additional labor and material provided by Unicorp. Thus, over the course of the project, BRaDD has paid Unicorp for 31 of those 99 *approved* change orders, but BRaDD has refused to pay Unicorp for the remaining 68 *approved* change orders at issue in this appeal, totaling $1,482,338.30. Thus, the parties followed this same process for all of the paid and these unpaid change orders for this project.

Additionally, the record shows that all of these approved change orders at issue in this appeal, totaling $1,482,338.30, were *signed and approved* by Unicorp, the architect, HUD, and BRaDD. We also note that it is undisputed that Unicorp provided all of the material and labor, along with payment of all labor and material required for these approved change orders, and Unicorp performed all of the work described in the approved change orders, yet BRaDD refused to pay Unicorp for these change orders in dispute.

Finally, a review of the record shows that these unpaid approved change orders at issue are not implicated or specifically pled by BRaDD's in its reconventional demand or claims of defective construction work, yet BRaDD has refused to pay these change orders that are due and owing to Unicorp.

Thus, we find that Unicorp carried its burden of proof and presented evidence sufficient to show that these *previously approved* unpaid change orders at issue were in fact both liquidated and presently due.

Even though we have found that Unicorp has made and properly supported its motion for partial summary judgment, this does not end this court's review. By law, the burden of proof then shifted to BRaDD to present specific facts to dispute Unicorp's claim and to show that there is a genuine issue of material fact for trial as to these change orders at issue. La. Code Civ. P. art. 966(D)(1). A review of the record reflects that BRaDD failed to present any specific facts in dispute, and further that it has failed to carry its burden to prove the setoff amounts, as alleged in its reconventional demand and its opposition to Unicorp's motion, were liquidated and currently due. Thus, we find that the setoff amounts claimed by BRaDD in its motion for partial summary judgment are currently unliquidated and not currently due, as all of BRaDD's setoff claims are disputed by Unicorp, and BRaDD's setoff claims also include BRaDD's reconventional demand and claims for allegedly delayed completion, defective work, failure to indemnify, and the filing of Unicorp's lien.

We further find that because these alleged setoff claims by BRaDD, at this time, are unproven and unliquidated, they may not be raised to offset or reduce Unicorp's claim for these approved change orders at issue, which we found are liquidated and presently due and owing. Therefore, we find a material issue of fact does exist that precluded BRaDD's motion for partial summary judgment to

15

remove Unicorp's lien.  Additionally, at trial on the merits, BRaDD may yet be able to prove the setoff amounts as alleged in its reconventional demand.

In summary, after a de novo review of the entire record available at this stage, we find that pursuant to the terms of the contract, along with the relevant codal and jurisprudential authorities, these approved change orders at issue were in fact liquidated, due, and owing to Unicorp by BRaDD.  Additionally, we find that BRaDD failed to carry its burden to present sufficient evidence to properly support its motion for partial summary judgment that Unicorp was prohibited from filing a lien, violating its construction contract between the parties.  Thus, these assignments of error are without merit.

## **DECREE**

For the reasons stated above, the trial court's judgment granting Unicorp's motion for partial summary judgment and denying BRaDD's motion for partial summary judgment is affirmed.  All costs, including the costs of this appeal, are assessed against BRaDD, LLC.

**AFFIRMED.**